**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| MARVIN RAHN, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>COLLETON COUNTY and RICHARD M. HARVEY, in his official capacity as COLLETON COUNTY CORONER,<br><br>Defendants. | C/A No. 2:26-cv-04355-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Demanded) |

Plaintiff Marvin Rahn, on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this action against Defendants Colleton County ("County") and Richard M. Harvey, in his official capacity as Colleton County Coroner ("Coroner") (collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff is a former Deputy Coroner employed by the Defendants. Defendants engaged in a practice of wage theft by failing to pay Plaintiff and similarly situated Deputy Coroners one and one-half times their regular rate when they worked over forty (40) hours in a workweek.

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated Deputy Coroners who suffered damages because of Defendants' violations of the FLSA.

3. Plaintiff brings claims for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10, *et seq*.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because that claim arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's SCPWA claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as the FLSA claim.

5. Venue is proper in the Charleston Division under Local Civil Rule 3.01 (D.S.C.) and 28 U.S.C. § 121, because Colleton County lies within the Charleston Division and the acts and omissions complained of occurred in Colleton County, South Carolina.

6. Defendant County is a body politic and a political subdivision of the State of South Carolina. It is a "public agency" within the meaning of 29 U.S.C. § 203(x) and an "employer" within the meaning of 29 U.S.C. § 203(d) and S.C. Code Ann. § 41-10-10(1), which expressly includes "the State or any political subdivision thereof."

7. Defendant Richard M. Harvey is the elected Coroner of Colleton County. He is sued in his official capacity only. The Office of the Colleton County Coroner is a "public agency" within the meaning of 29 U.S.C. § 203(x) and an "employer" within the meaning of 29 U.S.C. § 203(d) and S.C. Code Ann. § 41-10-10(1).

8. Plaintiff is a citizen and resident of Colleton County, South Carolina. At all times relevant to this Complaint, he was jointly employed by Defendants and was an "employee" within the meaning of 29 U.S.C. § 203(e).

9. Defendants are engaged in commerce or in the production of goods for commerce, and Plaintiff was individually engaged in commerce, within the meaning of 29 U.S.C. §§ 203(b),

203(s)(1), and 207(a). In addition, each Defendant is a public agency and therefore an enterprise engaged in commerce under 29 U.S.C. § 203(s)(1)(C).

## FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendants as a Deputy Coroner in the Colleton County Coroner's Office from 2020 until May 22, 2026.

11. Plaintiff and similarly situated Deputy Coroners' primary duties were responding to death scenes, investigating deaths, and completing the related paperwork.

12. Plaintiff and similarly situated Deputy Coroners were misclassified as exempt employees and paid a salary. As a result, they were not paid overtime compensation when they worked more than forty (40) hours per week.

13. Plaintiff and similarly situated Deputy Coroners worked a rotating schedule of twenty-four (24) consecutive hours on duty followed by forty-eight (48) hours off duty.

14. While on duty, they were required to respond to any call, at any hour, anywhere in Colleton County, and to remain at the scene until the investigation was complete.

15. In addition to their on-call shifts, Plaintiff and similarly situated Deputy Coroners were required to work on their days off, taking calls from the families of decedents, completing paperwork, and continuing their open investigations.

16. As a result, Plaintiff and similarly situated Deputy Coroners regularly worked thirty (30) to forty (40) hours of overtime per week.

17. When the Coroner's Office was short-staffed, including in 2023, Plaintiff worked as many as five (5) twenty-four-hour tours of duty per week, totaling more than 100 hours.

18. Plaintiff's heavy workload and the constant requirement that he respond to calls left him chronically sleep-deprived. Because of these demands, he regularly missed holidays,

birthdays, and other important family events, and he was rarely able to take vacation, in part because no one was available to cover his shifts.

19. Defendants knew that Plaintiff and similarly situated Deputy Coroners regularly worked more than forty (40) hours per week while being paid for only forty (40). The overtime work was performed in plain view. Defendants set the on-call schedule, assigned the calls, and received the completed paperwork.

20. Both Defendants knew that Plaintiff and similarly situated Deputy Coroners were working overtime and that the FLSA required them to be paid for it. Defendant Harvey, Colleton County Coroner since 1992, repeatedly told Plaintiff and other Deputy Coroners that he had asked the County for additional funds to pay them, but the County refused. The County therefore knew of the unpaid overtime and chose not to pay it. Harvey, for his part, continued to require Plaintiff and similarly situated Deputy Coroners to work overtime hours he knew would go unpaid.

21. Defendants' violations of the FLSA were therefore willful. Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA, entitling Plaintiff and similarly situated Deputy Coroners to a three-year statute of limitations under 29 U.S.C. § 255(a).

22. Defendants failed to make, keep, and preserve accurate records of the hours Plaintiff worked, in violation of 29 U.S.C. § 211(c), 29 C.F.R. Part 516, and S.C. Code Ann. § 41-10-30(A).

23. Plaintiff and similarly situated Deputy Coroners did not qualify for the learned professional exemption. *See* 29 C.F.R. § 541.301. They were not required to hold an advanced degree as a condition of employment. The skills required for the position were acquired through

on-the-job experience and short-term training, not through a prolonged course of specialized academic study.

24. The Coroner relied on a Chief Deputy Coroner as his second-in-command. Plaintiff and similarly situated Deputy Coroners were not immediate advisers to the Coroner and had no role in setting office policy. Their duties were ministerial and non-policymaking, limited to carrying out the day-to-day business of the Coroner's Office by responding to death scenes, conducting investigations, and completing the required paperwork.

25. Plaintiff and similarly situated Deputy Coroners did not have the authority to hire, fire, or discipline employees. Nor could Plaintiff and similarly situated Deputy Coroners set or adjust employees' rates of pay.

**Joint Employment**

26. Plaintiff and similarly situated Deputy Coroners are jointly employed by Defendants within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.

27. The Coroner and the County exercised control over Plaintiff and similarly situated Deputy Coroners and had authority over the terms and conditions of their employment.

28. The Coroner appointed Plaintiff and similarly situated Deputy Coroners. He set their schedule, assigned their tours of duty, directed their work, and supervised them.

29. Plaintiff and similarly situated Deputy Coroners worked in a building owned and operated by the County.

30. The County provided all the equipment for Plaintiff and similarly situated Deputy Coroners to perform their jobs.

31. The County provided Plaintiff and similarly situated Deputy Coroners with vehicles, gas cards, and cell phones.

32. Plaintiff and similarly situated Deputy Coroners had to comply with the County's policies and procedures to operate a County vehicle.

33. The County could restrict Plaintiff and similarly situated Deputy Coroners' privileges to operate County vehicles and use County gas cards.

34. Plaintiff and similarly situated Deputy Coroners were paid by the County.

35. Plaintiff and similarly situated Deputy Coroners received employment benefits such as health, dental, and vision insurance, as well as annual and sick leave, from the County.

36. The County could require Plaintiff and similarly situated Deputy Coroners to submit to random drug tests at any time during their employment.

37. Defendants applied a single, uniform policy or practice of not paying overtime compensation to employees of the Colleton County Coroner's Office, without regard to the number of hours those employees worked.

## FIRST CAUSE OF ACTION
(FAILURE TO PAY OVERTIME COMPENSATION, FAIR LABOR STANDARDS ACT)
COLLECTIVE ACTION CLAIMS

38. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

39. Plaintiff brings this Cause of Action on behalf of himself and all similarly situated Deputy Coroners.

40. Plaintiff and all similarly situated Deputy Coroners were non-exempt employees who worked more than forty (40) hours per week, and Defendants failed to pay them overtime compensation in violation of 29 U.S.C. §§ 207 and 215(a)(2).

41. Defendants' violations were willful, entitling Plaintiff and similarly situated Deputy Coroners to a three-year limitations period under 29 U.S.C. § 255(a).

42. As a direct and proximate result of Defendants' violations, Plaintiff and similarly situated Deputy Coroners who file written consents have suffered damages consisting of unpaid overtime compensation in an amount to be determined at trial, together with an equal amount as liquidated damages under 29 U.S.C. § 216(b), and their reasonable attorney's fees and costs.

**<u>SECOND CAUSE OF ACTION</u>**
(SOUTH CAROLINA PAYMENT OF WAGES ACT)
INDIVIDUAL CLAIMS

43. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

44. "Wages" under S.C. Code Ann. § 41-10-10(2) means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis or other method of calculating the amount, and expressly includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

45. Defendants agreed Plaintiff would be compensated for the hours he actually worked. Defendants had an employment agreement where they agreed to pay Plaintiff accrued paid time off ("PTO").

46. The Defendants violated the Plaintiff's employment agreement by not paying him for all the PTO he accumulated during his employment, much of which he was unable to use because of his workload.

47. Plaintiff is owed wages pursuant to the South Carolina Payment of Wages Act because the Defendants did not pay Plaintiff his wages per the employment agreement.

48. Defendants also failed to pay Plaintiff for his accrued and unused annual leave. Section 11.3G of the Colleton County Personnel Policy Manual provides for payment of accrued,

unused annual leave upon separation from employment. Plaintiff rarely took a vacation during his employment. Any accrued and unused annual leave for which Plaintiff was not paid is "wages" due under S.C. Code Ann. § 41-10-10(2).

49. Defendants' withholding of Plaintiff's wages was not based on any good faith dispute. Defendants knew the hours Plaintiff was working and knew that they were not paying him for those hours.

50. Under S.C. Code Ann. § 41-10-80(C), Plaintiff is entitled to recover an amount equal to three times the full amount of his unpaid wages, together with costs and reasonable attorney's fees.

51. Plaintiff's SCPWA claim is timely as to all wages that became due within three years of the filing of this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Deputy Coroners, respectfully prays that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA collective pursuant to 29 U.S.C. § 216(b);

B. An order requiring Defendants to preserve employment records, including payroll and time records during the pendency of this action;

C. Declaratory Judgment against both Defendants finding they violated the South Carolina Payment of Wages Act;

D. Declaratory Judgment against both Defendants finding they violated the FLSA;

E. Declaratory Judgment that their violation of the FLSA was willful;

F. An award of all unpaid overtime at one and one-half times the Plaintiff's and similarly situated Deputy Coroners' regular rate of pay;

G. Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff and similarly situated Deputy Coroners;

H. An award to Plaintiff of his unpaid wages pursuant to the South Carolina Payment of Wages Act;

I. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

J. An award of pre-judgment and post-judgment interest;

K. An award of reasonable attorney's fees and costs;

L. All such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MULLANEY LAW, LLC

s/ Marybeth Mullaney
Marybeth Mullaney, Fed. ID No. 11162
4900 O'Hear Avenue, Suites 100 & 200
North Charleston, South Carolina 29405
Telephone: (843) 588-5587
marybeth@mullaneylaw.net

ATTORNEY FOR PLAINTIFF

North Charleston, South Carolina
September 26, 2026